objects and beneficent aims of that body of laws, yet there must be established more than a mere possibility that the cause of death of the employee had some substantial connection with the original injury to him, before recovery may be had.

"Courts cannot decide cases on possibilities, even though it be compensation case in which court always construes law and facts liberally." Tullis v. United Carbon Co. (La. App.) 142 So. 307; Stockman v. Tremont Lumber Co., 155 So. 30, decided by this court on June 4, 1934.

Cases involving the principle here discussed are Cook v. Uneedus Lumber Co., 7 La. App. 405; Johnson v. Forest Lumber Co., 6 La. App. 530.

In the first case it was held that the evidence did not disclose any causal connection between an ailment of the fingers and an injury to the claimant's head, while in the second case it was held that cancer of the liver could not be superinduced by injury to the arm, and that the injury did not hasten death through the cancer.

The judgment appealed from is affirmed.

MILLS, Judge.

Plaintiffs complain that the judgment heretofore rendered in this case, though purporting to be in their favor, is unenforceable.

This objection could well be met with the observation that it is as enforceable as the unexecuted portion of the contract entered into by them. Courts cannot contract for the parties; their power being limited to construing and enforcing contracts as made. While it is not our function or intention to point out how judgments may be executed, we will say that in our view the judgment can be made effective by a proper putting in default by either party. We believe that the district judge and know that this court tried to make an equitable disposition of a most indefinite and unsatisfactory situation. This is reasonably accomplished by our former judgment, which is now reinstated and made the final judgment of this court.

### DUTTON et al. v. BROOK MAYS & CO.
#### No. 4706.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1934.

For former opinion, see 152 So. 602.

Lester Wilson, of Shreveport, for appellant.

Clifton F. Davis, of Shreveport, for appellees.

### MAGNOLIA PETROLEUM CO. v. STUBBLEFIELD.
#### No. 4684.

Court of Appeal of Louisiana.
Second Circuit.
June 29, 1934.

For former opinion, see 152 So. 335.

Parsons & Colvin, of Mansfield, for appellant.

Craig, Bolin & Magee, of Mansfield, for appellee.